RECEIVED
IN ALEXANDRIA, LA
JUN 3 0 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| AARON WIKKERINK | CIVIL ACTION NO. 05-0473-M |
| VS. | SECTION P |
| STATE OF LOUISIANA | JUDGE JAMES |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to the provisions of 42 U.S.C. §1983 by *pro se* plaintiff Aaron Wikkerink. Plaintiff filed this complaint on March 14, 2005 and was afforded *in forma pauperis* status on April 26, 2005. When he filed this complaint, plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he was incarcerated at the Richwood Correctional Center, Monroe, Louisiana. However, in his complaint, he alleged that he would be released from custody on June 7, 2005. [See Doc. 1, Paragraph IV] Plaintiff named the State of Louisiana as his only defendant. [Doc. 1, Paragraph III(B)] He prayed for injunctive relief, a declaratory judgment, and compensatory damages in an unspecified amount. [Doc. 1, Paragraph V].

## STATEMENT OF THE CASE

For the third time in this court, plaintiff attacks the constitutionality or legality of his sentence computation and Louisiana's statutes concerning diminution of sentence for good behaior or "good time." (See LSA R.S.15:571.3 *et seq.*)

1. *Aaron Daniel Wikkerink vs. State of Louisiana, et al.*, No. 5:03-cv-1525

On August 13, 2003 plaintiff filed a civil rights complaint in the Shreveport Division of

this court, claiming that the Louisiana Department of Public Safety and Corrections was violating the provisions of La. R.S.15:571.3 by requiring inmates released by way of diminution of sentence to be subjected to parole supervision as required by La. R.S.15:571.5. He also claimed that R.S.15:571.5 violated the terms of his "good time release" contract with the Department. In that suit he prayed for injunctive relief, compensatory damages and a first offenders pardon. On February 25, 2004, Magistrate Judge Roy S. Payne authored a Report recommending dismissal of the complaint. Citing *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994), Magistrate Judge Payne noted, "...in order to recover monetary damages for an unlawful conviction or for an unlawful sentence, a prisoner must show that the conviction or sentence has been 'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." [03-1525 at Doc. 9] On March 17, 2004, United States District Court Judge Donald E. Walter signed a judgment dismissing the complaint as frivolous. [03-1525 at Doc. 11]

*2. Aaron Daniel Wikkerink vs. State of Louisiana, et al.* No. 5:03-cv-1526

On August 13, 2003 plaintiff filed a petition for *habeas corpus* pursuant to 28 U.S.C. §2254 claiming that the provisions of Louisiana law which mandate parole supervision of inmates released from custody due to diminution of sentence are unconstitutional. He also claimed that the defendants were in violation of his diminution of sentence contract, and, that his incarceration was therefore illegal. On May 4, 2004, Magistrate Judge Payne authored a Report recommending dismissal of this habeas corpus petition due to plaintiff's failure to exhaust available state court remedies. [03-1526 at Doc. 7] On June 3, 2004, Judge S. Maurice Hicks, Jr.

agreed with the recommendation and signed a judgment dismissing the *habeas corpus* petition. [03-1526 at Doc. 12]

### 3. Present Claims

In the instant civil rights complaint, plaintiff alleges the same facts and argues the same claims he raised in his two previous suits. It appears that plaintiff was sentenced to serve eight years at hard labor following a felony conviction in an unspecified Louisiana District Court. On August 30, 2001, upon his entry into the custody of Louisiana's Department of Public Safety and Corrections, plaintiff signed an agreement indicating his desire to earn diminution of sentence at a rate of thirty days for every thirty days served in lieu of prison incentive wages.

On May 9, 2003, after having served approximately four years of his eight year sentence, plaintiff was released from the physical custody of the Department. Prior to his release he executed a Parole Release Agreement which outlined the conditions of his "good time" release. In accordance with Louisiana law, plaintiff's release was a release "as if on parole." Sometime after his release, the Department determined that he had violated one or more conditions of his release and therefore, his parole was revoked, his "good time" was forfeited, and he was returned to the custody of the Department of Corrections.

Plaintiff claims that the Department was without authority to require him to serve the four years of "good time" that he had earned. He also argues that the Department was without authority to supervise his release.

## **LAW AND ANALYSIS**

### 1. *Heck v. Humphrey* Considerations

As shown above, plaintiff's first civil rights suit was dismissed as frivolous because

plaintiff had not yet shown that the sentence he contested had been "...reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus.*" *Heck v. Humphrey*, 512 U.S. at 486-487. [See *Wikkerink v. State of Louisiana*, No. 5:03-cv-1525 at Doc. 9] Plaintiff has still not accomplished any of those conditions and therefore, his suit should be dismissed as frivolous for the same reasons asserted in Magistrate Judge Payne's Report and Recommendation.

2. Immunity

Plaintiff has named a single defendant, the State of Louisiana. Elsewhere he complains of actions taken by Louisiana's Department of Public Safety and Corrections. The Eleventh Amendment bars citizens' suits in federal court against States and their alter egos. E.g., *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir.1986). Section 1983 does not abrogate Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); and Louisiana has not waived it, La. R.S.13:5106(A). Both the State of Louisiana, and its alter ego, the Louisiana Department of Public Safety and Corrections, are immune from suit under the Eleventh Amendment. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999).

Plaintiff's complaint is subject to dismissal on this ground also.

3. The Merits

As noted above, petitioner claims that he waived his right to receive incentive wages in exchange for not being required to serve a portion of his sentence. He claims that his release under parole supervision was not a part of this agreement. He claims that he was and is being

subjected to parole supervision against his will. Finally, he suggests that "good time" parole supervision and the forfeiture of previously earned "good time" are illegal.

A review of Louisiana's statutes relative to diminution of sentence reveals the following: LSA R.S.15:571.3 provides in pertinent part, "Every inmate in the custody of the [Louisiana] [D]epartment [of Public Safety and Corrections] who has been convicted of a felony ...and sentenced to imprisonment for a stated number of years or months ... may earn, in lieu of incentive wages, a diminution of sentence by good behavior and performance of work or self-improvement activities, or both, to be known as 'good time.'...The amount of diminution of sentence allowed under the provisions of this Section shall be at the rate of thirty days for every thirty days in actual custody..."

La. R.S.15:571.4 provides in part, "An inmate who has been returned to the custody of the department because of a violation of the terms of parole granted by the Board of Parole <u>shall forfeit all good time earned on that portion of the sentence served prior to the granting of parole</u>."

Finally, La. R.S.15:571.5 provides:

> A. (1)When a <u>prisoner</u> committed to the Department of Public Safety and Corrections is <u>released because of diminution of sentence</u> pursuant to this Part, <u>he shall be released as if released on parole.</u>
> 
> (2) At least three months prior to the anticipated release due to diminution of sentence, the secretary of the department shall notify the parole board and provide such information as is necessary to allow the <u>board to establish such conditions</u> ... as may be reasonably <u>necessary to facilitate supervision</u>...
> 
> B. (1) Before any prisoner is released on parole upon diminution of sentence, he shall be issued a certificate of parole that enumerates the conditions of parole. These conditions shall be explained to the prisoner and the prisoner shall agree in writing to such conditions

prior to his release date.

(2) <u>The person released because of diminution of sentence pursuant to this Part shall be supervised in the same manner and to the same extent as if he were released on parole. The supervision shall be for the remainder of the original full term of sentence. If a person released because of diminution of sentence pursuant to this Part violates a condition imposed by the parole board, the board shall proceed in the same manner as it would to revoke parole to determine if the release upon diminution of sentence should be revoked.</u>

(C) <u>If such person's parole is revoked by the parole board for violation of the terms of parole, the person shall be recommitted to the department for the remainder of the original full term.</u>
(Emphasis supplied)

Petitioner's early release, prior to the expiration of his full term release date, was pursuant to this statutory scheme; therefore, when released, petitioner was released "as if released on parole" and he was thus, by the terms of the statute, subject to supervision "...<u>in the same manner and to the same extent as if he were released on parole</u> ..." Further, under the terms of the statute, petitioner was advised in advance of his release that he would be subject to supervision and would be required to abide by certain specific rules as conditions of his early release. Petitioner claims that he was coerced into signing and thus agreeing to the conditions of release, however it is abundantly clear that petitioner had a choice – he could chose to either serve out his full term of imprisonment without parole, or he could chose early release conditioned upon compliance with the terms of his release for diminution of sentence pursuant to La. R.S. 15:571.5. See, *Bancroft v. Louisiana Department of Corrections*, 635 So.2d 738 (La .App. 1st Cir.1994)(holding that an inmate did not sign parole conditions release form under "duress," even though such signing was a prerequisite to his release from custody, but rather, he chose early condition release

over the option of serving the remainder of his sentence, and further holding that upon revocation being recommitted to the DOC for the remainder of his original full term which was without the benefit of parole did not amount to his being subjected to more onerous punishment); see also *Malava v. State of Louisiana, Dept. of Public Safety*, 2001 WL 630472 (U.S.D.C. – E.D.La.,2001).

To the extent that plaintiff asserts that he should have been credited with the time spent on parole, he has failed to state a claim for which relief may be granted. Simply put, there is no federal constitutional right to the reduction of the sentence of a parole violator for the time spent on parole. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir.1996); *Starnes v. Cornett*, 464 F.2d 524 (5th Cir.1972), *cert. denied*, 409 U.S. 987 (1972). See also *Munguia v. United States Parole Commission*, 871 F.2d 517, 521 (5th Cir.1989), *cert. denied*, 493 U.S. 856 (1989).

Finally, to the extent that petitioner contends that Louisiana officials and Louisiana courts have somehow misapplied the provisions of Louisiana law, he is advised that it is not the role of the federal courts to re-examine state court determinations of state law questions. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

In short, plaintiff's claims are clearly without any basis in law and thus fail to state a claim on which relief may be granted and may be dismissed for that reason.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, and for failing to state a claim on which relief may be granted, and for seeking monetary damages against a defendant who is immune from such relief pursuant to the provisions of 28 U.S.C.1915(e)(2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE